UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
RASHARD JOHNSON,

                   Plaintiff,

     against

Dkt No. 24-CV-2043

COMPLAINT

CITY OF NEW YORK, and JOHN DOE 1-4 (the names
being fictitious as their identities are unknown),

                   Defendants.
------------------------------------------------------------------- x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demands a trial by jury in this action.

## PARTIES

6. Plaintiff Rashard Johnson ("Mr. Johnson" or "Plaintiff") is a male resident of New York County in the City and State of New York.

7. Defendant The City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named Defendants herein.

8. At all times relevant defendants John Doe 1 through 4 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 4.

9. At all times relevant herein, defendants John Doe 1 through 4 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John Doe 1 through 4 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants (collectively "Defendants") were acting under color of state law.

## STATEMENT OF FACTS

1. On or about April 7, 2023 at approximately 1:40 a.m., Plaintiff was arrested on a false complaint.

2. Plaintiff was taken to Police Service Area 6 ("PSA6"), located at 2770 Frederick Douglass Boulevard, New York, New York 10039.

3. On or about April 7, 2023, in the evening, Plaintiff was released from custody without being further detained.

4. After Plaintiff left PSA6, he realized that the police had not be given him back all of his personal property, including the key to get back inside his home.

5. On April 8, 2023, at approximately 1a.m., Plaintiff returned to PSA6, stopped at the gate, and asked to speak to the lieutenant.

6. An Asian male, NYPD lieutenant, ("John Doe 1"), and, an African American male, NYPD Officer ("John Doe 2"), came to the gate.

7. The Plaintiff asked the John Doe 1 for his keys back. John Doe 1 told the Plaintiff that the keys were not and refused to return them to the Plaintiff.

8. Even though the Plaintiff knew that John Doe 1 was wrong, the Plaintiff began leaving the precinct.

9. Plaintiff began walking out of PSA6 when Defendant John Doe 1 began yelling loudly at him to get out of the precinct.

10. As the Plaintiff was exiting PSA6, Defendant John Doe 1 grabbed the Plaintiff and yanked him harshly preventing the Plaintiff from exiting PSA6.

11. Defendant John Doe 1 trapped the Plaintiff in the vestibule between the doors leading into the precinct and the door leading out to the street.

12. Defendant John Doe 1 yelled to Defendants John Doe 2 - 4 to "cuff him, cuff him, cuff him."

13. Defendants John Does 1 - 4 did not allow the Plaintiff to place his hands behind his back.

14. The Plaintiff's body was against the wall with nowhere to move, surrounded by the four John Does.

15. Defendant John Doe 1 instructed Defendants John Doe 2 - 4 to get a taser, still preventing the Plaintiff from being able to comply with the order to move his hands behind his back.

16. Defendant John Doe 2 tased the Plaintiff.

17. The Plaintiff fell to the floor, landing on his stomach.

18. Defendant John Does 2 - 4 handcuffed the Plaintiff's hands behind his back.

19. While on the ground face down and handcuffed, Defendant John Doe 1 put his knee on the back of the Plaintiff's neck.

20. Defendants John Doe 1 - 3 harshly yanked the Plaintiff by his shoulder and arms to a standing position.

21. Instead of immediately providing the Plaintiff with medical treatment or transporting him to the hospital, the John Doe Defendants made the Plaintiff sit with his hands rear cuffed for approximately twenty minutes before he was placed in a cell and the handcuffs were removed.

22. Eventually, the Plaintiff was transported to Harlem Hospital by ambulance where he was provided him with an x-ray and. pain medication for the pain from the assault.

23. The Plaintiff was transported back to the precinct from Harlem Hospital where he sat for several more hours.

24. The Plaintiff was not provided a phone call or food and was taken down to Central Booking where he was wrongfully detained for approximately 40 hours.

25. The case against the Plaintiff was dismissed due to insufficient evidence.

26. Due to the pain in Plaintiff right arm and shoulder from the taser, he followed up at the emergency room at Harlem Hospital a week after the incident for more medication.

27. Plaintiff missed four days of work due to the Defendants' above actions.

28. On or about July 6, 2023, Plaintiff submitted a satisfactory notice of claim.

29. On October 6, 2023, Plaintiff sat for a 50-h hearing.

30. Defendants have made no offer to settle this matter.

**FIRST CLAIM**
**Excessive Force**
**(All Defendants)**

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The Individual Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

33. The Individual Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that the Individual Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

34. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**SECOND CLAIM**
**False Arrest**
**(All Individual Defendants)**

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

**THIRD CLAIM**
**Failure to Intervene**
**(All Individual Defendants)**

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Those Individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

40. Accordingly, the Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CLAIM**
**State Law Assault and Battery**
**(All Defendants)**

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. By their conduct, as described herein, the Individual Defendants are liable to Plaintiff for having assaulted and battered him.

44. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

45. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

**FIFTH CLAIM**
**State Law False Imprisonment and False Arrest**
**(All Defendants)**

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

48. Plaintiff was conscious of his confinement.

49. Plaintiff did not consent to his confinement.

50. Plaintiff's confinement was not otherwise privileged.

51. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all Defendants, jointly and severally;

(b) Punitive damages against the Individual Defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: March 19, 2024

New York, New York

                                      BRUSTEIN LAW, PLLC

                                      _____/s/_____
                                      Evan Brustein
                                      299 Broadway, 17th Floor
                                      New York, NY 10007
                                      (212) 233-3900

                                      *Attorneys for Plaintiff*